**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**KEION R. FAIR**                                                                                    **PLAINTIFF**

**V.**                          **CASE NO. 5:16-CV-332-JM-BD**

**PINE BLUFF SCHOOL DISTRICT**                                              **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.    Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.    Introduction:**

Plaintiff Keion R. Fair filed this case without the help of a lawyer.[1] (Docket entry #2) He sues the Pine Bluff School District ("PBSD") for wrongful termination. (#2, p. 5) For reasons explained below, the case should be dismissed, without prejudice.

---

[1] Judge Moody referred the case to the undersigned. (#4)

**III.     Discussion:**

Mr. Fair brings this action under Title VII of the Civil Rights Act of 1964, claiming that the PBSD wrongly terminated his contract of employment.  Before the Court can consider the merits of Mr. Fair's claim, however, it must determine whether it has jurisdiction to hear the case.

Title VII bars employers from taking adverse employment actions, including wrongful termination, but only if the wrongful conduct was based on the employee's race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2.  Here, Mr. Fair has not stated a federal claim for relief under Title VII, because he does not allege that he lost his job because of his race, color, sex, religion, or national origin.  (#2, pp. 2, 5, 6-10) Instead, he alleges he was terminated "in retaliation for standing up for [his] son."  (#2, p. 5)  Because Title VII does not cover this conduct, that statute does not grant this Court power to hear the case.

Mr. Fair also alleges that the PBSD violated a number of its own policies in its dealings with him.  (#2, pp. 7-10)  Even if this is true, Mr. Fair cannot sue state officials in federal court for failing to comply with state laws, rules, policies or regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).  Accordingly, this allegation also fails to state a federal claim for relief.

Mr. Fair's allegations sound in contract.  He alleges that he had an employment contract with the PBSD; it breached the contract, then improperly tried to force him to

sign a new contract. (#2) Breach-of-contract claims between citizens of the same state are matters for the State courts. Federal courts lack jurisdiction to hear disputes of this kind.

## IV.     Conclusion:

Mr. Fair's complaint should be dismissed, without prejudice, for lack of federal subject-matter jurisdiction. Pending motions should be denied, as moot.

DATED this 27th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE